IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TIMOTHY WILLIAMS; JIMMY and LINDA MARSON; RUBIN MCKINNON, III; KIMMIE BENSON, Jr.; and PAGE JONES,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHN R. COOPER, in his individual capacity, and in his official capacity as the Director of the Department of Transportation; and THE ALABAMA DEPARTMENT OF TRANSPORTATION<br><br>    Defendants. | CASE NO: 1:25-cv-00483 |

# COMPLAINT

Plaintiffs Timothy Williams; Jimmy and Linda Marson; Rubin McKinnon; Kimmie Benson; and Page Jones state the following as their Complaint against John R. Cooper, in his official capacity as the Director of the Alabama Department of Transportation ("ALDOT"); and against the Alabama Department of Transportation ("ALDOT").

## I.   JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331, Federal Question Jurisdiction. Where there is a claim for taking of property without just compensation contrary to the 5th Amendment to the United States Constitution brought pursuant to 42 U.S.C. § 1983.

2. Venue is proper in this case under 28 U.S.C. § 1391, as this is the District and Division where a substantial part of the events or omissions giving rise to the claims herein occurred.

3. Plaintiffs demand trial by struck jury in this case.

## II. PARTIES

Attached hereto as Exhibit A is a map of parcels within the Shiloh Community, Coffee County, Alabama. The parcels owned by each plaintiff are identified by number corresponding to the description below.

4. Plaintiff Timothy Williams is a resident of Coffee County, Alabama, over the age of nineteen (19), and is the owner of the parcels of property identified as Nos. 1, 2, and 3 on Exhibit A.

5. Plaintiffs Jimmy and Linda Marson are over the age of nineteen (19), a resident of Coffee County, Alabama, and the owner of a parcel identified as No. 4 on Exhibit A.

6. Plaintiff Rubin McKinnon is over the age of nineteen (19), a resident Coffee County, Alabama, and the owner of a parcel identified as No. 5 on Exhibit A.

7. Plaintiff Page Jones is over the age of nineteen (19), a resident Coffee County, Alabama, and is the owner of a parcel identified as No. 6 on Exhibit A.

8. Plaintiff Kimmie Benson, Jr. is over the age of nineteen (19), a resident of Coffee County, Alabama, and the owner of a parcel identified as No. 7 on Exhibit A.

9. Defendant John R. Cooper is the Director of Alabama Department of Transportation ("ALDOT"). Mr. Cooper is a defendant in this action in his official capacity. Mr. Cooper, in his official capacity is referred to jointly, separately, and severally herein when "ALDOT" is referenced.

10. The Alabama Department of Transportation ("ALDOT") is the governmental department in the State of Alabama charged with constructing and maintaining roads in the State. Where ALDOT is referred to herein, Mr. Cooper, in his official capacity, as well as ALDOT, the State agency, are meant jointly, separately, and severally.

## III.   FACTS

11.   Plaintiffs Williams; the Marsons; McKinnon; Benson; and Jones (collectively "Plaintiffs" all live in Coffee County, Alabama, just south of Highway 84/Route 12, just west of County Road 502/Will Knox Road in an area known as the Shiloh Community.

12.   Each plaintiff has lived in the Shiloh Community in excess of thirty years, and in many instances, the houses have been in the families for multiple generations.

13.   Before 2017, Highway 84 was a two-lane road at an elevation consistent with the surrounding topography.

14.   In 2017, with funding in part provided by the Federal Highway Administration ("FHWA"), ALDOT began a project that would substantially widen Highway 84 in the area adjacent to the Shiloh Community.

15.   Highway 84 was widened to a four-lane highway where it had previously been a two-lane road. More importantly, the road was significantly raised above the surrounding topography.

16.   The road was raised to such a degree that the stormwater collection system made part of the project is unable to divert water away from the Shiloh Community during any significant rain event.

17.   The stormwater run-off issue began in 2019, at the completion of the project, but it was gradual. At first, there were only minor incursions of water on the Shiloh Community properties from flooding events, but as erosion progresses, the water further encroaches the properties.

18.     The waters continue to encroach the properties, and it continues to get worse. The situation changes and worsens with every rain event, and it is unknown at this time when there will be a stabilization of the effects of the flooding.

19.     The flooding and erosion continue, and at this time, it is not possible to know when it will stabilize.

20.     As the flooding has gotten worse and worse, Plaintiffs began to search for a way to stem the rising tide of water from every rain event.

21.     In January of 2021, and August of 2022, Shiloh community members filed complaints with the FHWA about the flooding caused by the road project.

22.     The FHWA began an investigation under the Title VI, 42 U.S.C. § 2000d, and U.S. Department of Transportation Regulations 49 C.F.R., part 21, on the basis of those complaints.

23.     Pursuant to the above-referenced authority, the FHWA investigated the complaints. The FHWA reviewed documents, interviewed pertinent personnel, and made site visits.

24.     The complaints and investigation resulted in a settlement of the case by contract. On October 3, 2024, the FHWA and ALDOT entered into a Voluntary Resolution Agreement ("VRA"). In short, ALDOT agreed to take all steps necessary to remediate the drainage issues that have caused the flooding. The VRA is attached hereto as Exhibit B.

25.     ALDOT agreed to a timeline for progress, and that it would issue reports every six months. The timing of progress was to proceed as follows:

   a. Agreed upon prices to purchase from landowners the necessary rights of way to complete the project, under ALDOT's preferred plan ("Option 1") contained at Attachment of the VRA. This was to occur within six (6) months from date FHWA met with complainants to approve the VRA.

   b. All required design and environmental permits were to be complete within six (6) months after closing on last necessary right of way.

4

    c.    Qualified solicited within three months of environmental and design approvals.

    d.    Six (6) months from the selection of a qualified contractor to complete project.

26.    The VRA has an alternative to the above-referenced plan. That is, if within six (6) months, it is unable to reach agreement for land acquisition under Option 1, then it will inform FHWA, and state why it recommends proceeding with a second remediation plan contained at Attachment 2 to the VRA. If FWHA agrees, ALDOT will proceed with its stated second option to add drainage to stop the flooding.

27.    The first progress report was issued on or about April 3, 2025. Suffice it to say, little to nothing has been done. ALDOT reports contact with just one person about acquiring property to complete Option 1 of the VRA. There is no mention of moving on to Option 2. Simply put, this is so ineffectual or to be a complete breach of the VRA.

28.    The VRA was made for the benefit of Shiloh residents, and all parties were aware that it was made for the benefit of those in the Shiloh Community affected by the flooding.

29.    While the VRA was made for the benefit of the Shiloh residents, including Plaintiffs, it is clear that it does not have preclusive affect as to other parties. The VRA states:

> This Agreement, and all provisions and Exhibits herein, are between ALDOT and FHWA as the sole parties to the Agreement. This Agreement will be applicable to, and binding upon, the parties to this Agreement, their officers, agents, employees, assignees, and successors in office. The FHWA Alabama Division Office ("Division Office") will be delegated responsibility for leading the oversight and implementation of this Agreement.

30.    In short, nothing in the VRA precludes this litigation.

## COUNT I
### (Claim Under 42 U.S.C. § 1983 for Taking Property Without Just Compensation Under the 5th Amendment)

31. Plaintiffs hereby incorporate by reference, as if set forth fully herein, paragraphs 1-30 above.

32. This claim is brought pursuant to 42 U.S.C. § 1983, which provides a civil cause of action for those injured by the deprivation of a constitutional right.

33. The flooding events continue, and continue to worsen and take more of Plaintiffs' property as time proceeds. As it is, the incursions have risen to the level where they constitute a taking without just compensation in violation of the takings clause of the 5th Amendment to the United States Constitution, which prohibits the taking of private property for public use by a governmental entity.

34. The flooding constitutes a taking as it impairs the use of enjoyment of Plaintiffs' properties in that their homes and grounds flood. The flooding also constitutes as taking a to the value of the properties. The flooding significantly decreased the value of Plaintiffs' properties.

**WHEREFORE**, premises considered, Plaintiffs demand the following:

a. Damages to compensate Plaintiffs for the loss of use and enjoyment of their properties; the diminution of the value of the properties, as well as damages for the mental anguish of having the properties flooded.

b. An award of the costs of this action, as well as a reasonable attorney's fee pursuant to 42 U.S.C. § 1988 (b).

c. All further necessary and just relief awardable by this Court.

## COUNT II
### (Action on Contract as Third-Party Beneficiaries)

35. Plaintiffs incorporate by reference, as if set forth fully herein, paragraphs 1-34 above

36. The VRA is a contract between FHWA and ALDOT.

37. The VRA was made between ALDOT and FHWA in order to confer a benefit on Plaintiffs as Shiloh residents. It was made solely for the benefit of Shiloh residents, and thus the Shiloh residents may maintain an action on the contract.

38. ALDOT's progress on the contract has been so insignificant such that it frustrates the essential purposes of the contract, and acts as a breach of the contract.

WHEREFORE, Plaintiffs bring this action on the contract which is the VRA as follows:

a. An Order of this Court compelling ALDOT to either meet the conditions of Option (Attachment) 1 to the contracts; or

b. Pursuant to § V.A, of the VRA, send written request to proceed with implementing the plan attached to the VRA as Attachment 2.

### **PLAINTIFFS DEDMAND TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ Brian M. Clark
Brian Clark
Attorney for Plaintiffs

**OF COUNSEL**:
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone:  (205) 314-0500
Facsimile:  (205) 254-1500
Email:  bclark@wigginschilds.com

**SERVE EACH DEFENDANT AT THE FOLLOWING ADDRESS:**

John R. Cooper, in his official and individual capacity
1409 Coliseum Blvd
Montgomery, AL 36110

Alabama Department of Transportation
1409 Coliseum Blvd
Montgomery, AL 36110